CFK

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FILED**
JUN 18 2019
KATE BARKMAN, Clerk
By_____Dep. Clerk

WARREN MILES, CHRISTOPHER
GREEN, and CHRISTOPHER
WALLACE, on behalf of themselves and
all others similarly situated

    *Plaintiffs*,

    v.

ALLPOINTS COURIER SERVICE, INC.

    *Defendant*.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

**JURY DEMANDED**

Civil Action No.:

19-2652

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs, Warren Miles, Christopher Green, and Christopher Wallace (hereinafter "Plaintiffs"), bring this class action on behalf of themselves and putative classes of similarly situated persons against Defendant, Allpoints Courier Service, Inc. (hereinafter "Defendant"), for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*, and the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. 333.101, *et seq.* Plaintiffs assert their FLSA claim as a collective action under 29 U.S.C. § 216(b) and assert their WPCL and PMWA claims as a class action under Federal Rule of Civil Procedure 23. In support thereof, Plaintiffs avers as follows:

JUN 18 2019

1

## I. PARTIES AND JURISDICTION

1. Plaintiff Warren Miles is a former employee who drove delivery trucks for Defendant at their King of Prussia, Pennsylvania, location. Mr. Miles currently resides at 5548 Whitby Avenue, Philadelphia, Pennsylvania.

2. Plaintiff Christopher Green is a former employee who drove delivery trucks for Defendant at their King of Prussia, Pennsylvania, location. Mr. Green currently resides at 126 Christian Street, Clifton Heights, Pennsylvania.

3. Plaintiff Christopher Wallace is a former employee who drove delivery trucks for Defendant at their King of Prussia, Pennsylvania, location. Mr. Wallace currently resides at 1781 Hawks Nest Lane, Collegeville, Pennsylvania.

4. Plaintiffs are employees covered by the FLSA, the WPCL, and the PMWA.

5. The Defendant is a corporate entity headquartered at One International Plaza, Suite 550, Philadelphia, Pennsylvania, and operates from a facility located in King of Prussia, Pennsylvania.

6. The Defendant is an employer covered by the FLSA, the WPCL, and the PMWA.

7. The Court may exercise original subject matter jurisdiction over the instant action under 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

8. The Court may also maintain supplemental jurisdiction over state law claims set forth herein under 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because these causes of action are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

9. The Plaintiffs properly laid the venue for their Complaint in the Eastern District of Pennsylvania under 28 U.S.C. §§ 1391(b)(l) and 139l(b)(2) because the Defendant operates its headquarters within this judicial district and because the majority of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district.

## II. FACTS

10. The Defendant contracts with Amazon.com to deliver products from Amazon.com's warehouses to the location of Amazon.corn's customers; it is a "last-mile" delivery service.

11. The Defendant employed Plaintiffs as drivers for various periods from December 1, 2017, to February 29, 2019.

12. The Defendant paid each Plaintiff an hourly wage of approximately $14.00.

### A. **Defendant Made Unlawful Payroll Deductions**

13. The Defendant deducted $25.00 from the first paycheck issued after the date of hire to each Plaintiff and the other drivers for the alleged purchase of a uniform.

14. The Defendant then deducted $5.00 from each subsequent paycheck issued to each Plaintiff and the other drivers for the alleged purchase of a uniform.

15 The Defendant never provided any Plaintiff and the other drivers with a uniform, despite these payroll deductions.

16. The Defendant never reimbursed each Plaintiff and the other drivers for the payroll deductions, despite not providing them with a uniform.

## B. Defendant Failed To Compensate The Plaintiffs For Indispensable Work Performed Before Clocking In

17. At the beginning of each shift, each Plaintiff and other drivers reported to Defendant's Yard Facility located on or around 680 Allendale Road, Kind of Prussia, Pennsylvania ("Yard"), where all delivery vehicles are stored and maintained.

18. Plaintiffs and other drivers are not permitted to take the Defendant's vehicles home.

19. Upon arrival at the Yard, Plaintiffs and other drivers received their vehicle assignment from Defendant, picked-up the vehicle keys, inspected the vehicle, completed an inspection sheet, and cleaned the vehicle. Plaintiffs and other drivers then drove the assigned vehicle to a Wawa gas station located at 145 W Dekalb Pike, King of Prussia, Pennsylvania. After filling up their gas tanks, Plaintiffs and other drivers then drove the assigned vehicles to an Amazon.com warehouse located at 500 American Avenue, King of Prussia, Pennsylvania (the "Amazon warehouse").

20. The assignment, vehicle pick-up, and inspection activities are indispensable to the work performed by Plaintiffs and the other drivers in the performance of their driving and delivery duties.

21. The driving distance between the Yard, the gas station, and the Amazon warehouse is approximately five and a half miles in a highly congested, heavy traffic area. The time it takes to drive from the Yard to the gas station, fill up the gas tank, and then to the Amazon warehouse takes approximately 20 to 25 minutes, depending on traffic.

4

22. Upon arriving at the Amazon warehouse, Plaintiffs and the other drivers clock-in to Defendant's payroll system and start getting paid.

23. During a typical day, Plaintiffs and other drivers have worked for approximately 30 to 45 minutes before they clock-in to the payroll system at the Amazon warehouse. Plaintiffs and the other drivers receive no compensation or payroll credit for this time.

24. At the end of each shift, Plaintiffs and the other drivers return to the Amazon warehouse, where they clock-out of Defendant's payroll system and stop getting paid.

25. After clocking out, Plaintiffs and the other drivers are required by Defendant to drive their assigned vehicles from the Amazon warehouse to the Yard, park the vehicle at the Yard, return the vehicle keys, and debrief Defendant's management regarding the day's activities.

26. The driving, vehicle and key drop-off, and debriefing activities are indispensable to the work of Plaintiffs and the other drivers in the performance of their driving and delivery duties.

27. During a typical day, Plaintiffs and other drivers spend approximately 20 to 25 minutes between the time they clock out of Defendant's payroll system at the Amazon warehouse and the time they finish all work duties and leave the Yard. Plaintiffs and other drivers receive no compensation or payroll credit for the time worked after clocking out.

28. Plaintiff and the other drivers work approximately forty hours per week, which does not include all the hours for which they are not credited and not compensated.

29. In failing to compensate Plaintiff and other drivers for all hours worked, as described above, the Defendant acted willfully and with reckless disregard of clearly applicable FLSA, PWCL, and PMWA provisions.

## C. Defendant Falsified Timecards

30. The Defendant credited the Plaintiffs and other drivers with regularly working approximately forty hours per week.

31. Regardless of what time Plaintiffs and other drivers arrived at the Amazon warehouse, Defendant instructed employees not to clock in until 9:30 am.

32. On numerous occasions, Plaintiffs and other drivers clocked in before 9:30 am, and they immediately began (and continued) working.

33. On these occasions, the Defendant changed the time cards of the Plaintiffs and other drivers so that it appeared that they had clocked in at 9:30 am, even though this was false and not accurate.

34. Plaintiffs and other drivers were not paid for the time during which they worked before 9:30 am.

35. The Defendant had credited Plaintiffs and other drivers with working approximately 40 hours during the weeks in which it altered their timecards. Accordingly, Plaintiffs and other drivers had worked more than forty hours during the weeks in which Defendant falsified their timecards.

## COLLECTIVE AND CLASS ALLEGATIONS

36. The Plaintiffs bring their FLSA claim under 29 U.S.C. §216(b) on behalf of

> All individuals, who, during any time within the past three years, have been employed by Defendant (or any affiliated business entity) as drivers assigned to Defendant's Yard Facility in King of Prussia, Pennsylvania.

37. The Plaintiffs' FLSA claim should proceed as a collective action because Plaintiffs and other putative collective members, having worked under the common compensation policies described herein, are "similarly situated" as that term as is defined in 29 U.S.C. §216(b).

38. The Plaintiffs bring their PWCL and PMWA claims as a class action under Federal Rule of Civil Procedure 23 on behalf of

> All individuals, who, during any time within the last two years have been employed by Defendant (or any affiliated business entity) as drivers assigned to Defendant's Yard Facility in King of Prussia, Pennsylvania.

39. The class action requisites outlined in Federal Rule of Civil Procedure 23 are satisfied and, therefore, class action treatment of Plaintiffs' PWCL and PMWA claims is appropriate.

40. Upon information and belief, the class includes over 50 individuals, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

41. Defendant's conduct concerning the class members raises questions of law and fact that are common to all class members. Common factual questions include, among other things, the development and implementation of the Yard Facility-wide payroll deductions, timekeeping and compensation practices and policies described herein. The Court may determine

7

the legality of these policies and practices through the application of general legal principles to common facts.

42. Plaintiffs are class members, their claims are typical of the claims of other class members, and Defendant's corresponding defenses are typical of the claims or defenses applicable to the class members because, among other things, and all claims arise from on the same legal theories and remedies. Further, the allegations made by Plaintiffs—namely, that Defendant violated the FLSA, PWCL, and PMWA's compensation provisions by failing to compensate them for all legally compensable time—align sufficiently with the interests of other class members so that Plaintiffs' pursuit of their interests will benefit all class members.

43. Plaintiffs will fairly and adequately assert and protect the interests of all class members because among other things:

    (a) Plaintiffs are represented by experienced counsel who is well-prepared to vigorously and competently litigate this action on behalf of the class members;

    (b) Plaintiffs and their counsel are free of any conflicts of interest that prevent them from pursuing this action on behalf of the class members; and,

    (c) The Class members' interests will not be harmed because counsel for the Plaintiffs has adequate financial resources to prosecute this litigation properly.

44. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual

class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### Violations of the Fair Labor Standards Act ("FLSA")
### 29 U.S.C. §§ 201, *et seq.*

45. Plaintiffs incorporate the preceding paragraphs as if set forth more fully at length herein.

46. The FLSA requires that employees receive overtime compensation calculated at 150% of their regular pay rate for hours worked over 40 hours per week.

47. Defendant violated the FLSA by failing to compensate Plaintiffs and the collective class for all hours worked over forty hours per week.

WHEREFORE, Plaintiffs seeks the damages outlined in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II
### Violations of Pennsylvania Wage Payment and Collection Law ("WPCL")
### 43 P.S. 260.1, *et seq.*

48. Plaintiffs incorporate the preceding paragraphs as if set forth more fully at length herein.

49. At all times relevant, Plaintiffs and the class members are employees entitled to the protections under the WPCL.

50. At all times relevant, Defendant is an employer covered by the WPCL.

51. Defendant deducted $25.00 from each class members' first paycheck, and deducted $5.00 from each class members' subsequent paycheck for the alleged purpose of a uniform.

52. Defendant, however, failed to provide Plaintiffs and the class members a uniform,

53. The deductions from the paychecks are not authorized deductions under the WPCL and said deductions violate the WPCL.

54. Additionally, Plaintiffs and the class members are entitled to unpaid wages under the WPCL.

55. The WPCL provides that "[e]very employer shall pay all wages, other than fringe benefits and wage supplements, due to his employees on regular paydays designated in advance by the employer." 43 Pa. Cons. Stat. Ann. § 260.3(a).

56. The WPCL confers onto employees the ability to institute legal actions to collect wages payable to them by employers. *Id.* § 260.9a.

57. Defendant's failure to pay Plaintiffs and the class members earned wages violates the WPCL.

WHEREFORE, Plaintiffs seeks the damages outlined in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT III
### Violations of the Pennsylvania Minimum Wage Act of 1968 ("PMWA")
### 43 P.S. §§ 333.101, *et seq.*

58. Plaintiffs incorporate the preceding paragraphs as if set forth more fully at length herein.

59. At all times relevant, Plaintiff and the class members are employees entitled to the protections under the PMWA.

60. At all times relevant, Defendant is an employer covered by the PMWA.

61. The PMWA entitles employees to compensation for "all hours worked" in a workweek. See 43 P.S. § 333.104(a).

62. The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. See 43 P.S. § 333.104(c).

63. The PMWA defines "Hours Worked" to include among other things "time spent in traveling as part of the duties of the employee during normal working hours and time during which an employee is employed or permitted to work." *See* 34 Pa. Code § 231.1.

64. Defendant has violated the PMWA by failing to compensate Plaintiffs and other class members for all hours worked both before and during their work shifts. Accordingly, during weeks in which Plaintiff and the class members' combined paid and unpaid compensable time exceeds forty (40) hours, Plaintiff and the class members are entitled to (i) compensation at their regular pay rate for uncompensated hours worked under forty (40) hours; and (ii) compensation at their overtime premium pay rate for uncompensated hours worked over forty (40) hours.

65.     In violating the PMWA, Defendant acted willfully and with reckless disregard of clearly applicable PMWA provisions and willfully violated the PMWA.

WHEREFORE, Plaintiffs seeks the damages outlined in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Warren Miles, Christopher Green, and Christopher Wallace, on behalf of themselves and other members of the class/collective, seek the following relief:

A. Orders permitting this action to proceed as a collective and class action;

B. Unpaid wages (including overtime wages);

C. Prejudgment interest;

D. Liquidated damages and penalties;

E. Litigation costs, expenses, and attorney's fees; and

F. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

The Plaintiffs demand a trial by jury as to all issues.

Date: June 18, 2019

RESPECTFULLY SUBMITTED:
LAW OFFICES OF ERIC A. SHORE, P.C.

BY: *Scott K. Johnson*
SCOTT K. JOHNSON, Esq.
Two Penn Center, Suite 1240
1500 John F. Kennedy Blvd.
Philadelphia, PA 19102
Tel.: (267) 546-0124
Fax: (215) 944-6124
Email: scottj@ericshore.com
*Attorney for Plaintiffs, Warren Miles, Christopher Green, and Christopher Wallace, and the Class*